USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2|14|2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Michael Outerbridge_

_Plaintiff - Pro-Se_

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED**
**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_The City of New York, et, al._

_And the UNKNOWN Plainclothes Office_
_er(s) of the N.Y.P.D., 23Rd. Pct._

Jury Trial:  ☑ Yes  ☐ No
*(check one)*

_13_ Civ. _5459_ (A.T.)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name _Michael Outerbridge_
                 ID# _349-13-14383_
                 Current Institution _E.M.T.C._
                 Address _10-10 Hazen St._
                 _East Elmhurst, New York 11370._

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _UNKNOWN Pending P.D._  Shield # _3_
                     Where Currently Employed _N.Y.P.D., 23 Rd. Pct._
                     Address _162 E. 102 St._,
                     _New York, N.Y. 10029._

*Rev. 01/2010*                                    1

Defendant No. 2   Name _UNKNOWN – Pending I.D._ Shield # _?_
Where Currently Employed _N.Y.P.D 23rd PCT._
Address _162 E. 102 St._
_New York, N.Y. 10029._

Defendant No. 3   Name _UNKNOWN – Pending I.D._ Shield # _?_
Where Currently Employed _N.Y.P.D 23rd PCT._
Address _162 E. 102 St._
_New York, N.Y. 10029._

**Who did what?**

Defendant No. 4   Name _____ Shield # _____
Where Currently Employed _____
Address _____
_____

Defendant No. 5   Name _____ Shield # _____
Where Currently Employed _____
Address _____
_____

## II.   Statement of Claim:

State as briefly as possible the _facts_ of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.   Do not cite any cases or statutes.   If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
_23 Rd. PCT._

B.   Where in the institution did the events giving rise to your claim(s) occur?
_104th St. And Park Ave., New York, N.Y. 10029._

C.   What date and approximate time did the events giving rise to your claim(s) occur?
_Jan. 25, 2013; Bet. 12:05 AM. And 12:20 AM. On The The uptown side of Park Ave. And 104th St._

**What happened to you?**

D.   Facts: _On January 25, 2013; Bet. 12:05 AM. And 12:20 AM. Undercover Plainclothes Officer(s) observe Plaintiff And Mr. G. Winters Enter A Livery Taxi At E. 102 St. And Lexington Ave. At Gas Station. Officer(s) Follow us To_

104TH St. And PARK Ave. Where they pulled us OVER AND "Stopped And FRISKed" us FOR NO APPARENT ReASON, CLAIMING They WERE looKING FOR "GUNS". AFTER SeaRCHING US, NO WeApONS WERE FOUNd UPON US OR THE TAXI, AND I Immediately ASKed FOR THEIR NAMES AND SHield# (S) AND They Refused, WITH ONE OFFICER STATING, Would you liKE to GO to "JAIL NOW? They ASKed FOR I.S. AND We COMPLied. They ASKed WHERE We WERE COMING FROM AND GOING to AND We ANSWERed. FINALLY, We WERE AllowEd to leAVE. THIS "Stop AND FRISK" WERE ClEARly UNWARRANTed, UNPROVOKed, AND WITHOUT PRODABle CAUSE. THIS Stop, QUESTION AND FRISK, Also ARE UNJUSTIFIed ON the OFFICER(S) BEHALF. PLAINTIFF(S) RESPONSE leTTER dATed ON 7-29-14, to DefendANT(S) leTTER dATed 7-0G-14, STATES the UNKNOWN OFFICER(S) WERE DRIVING A BlACK FORd CROWN VICTORIA, A 1992 thru 1997 Model AND MAKE W/ BlACK TINTed WINDOWS. THIS IS RACIAl PROFILING AT IS WORST, THAT ARE

Was anyone else involved?

Who else saw what happened?

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

AggRAVATed hARRASSMENT, RACIA/PROFILING, STEREOtyped DISCRIMINATION, INTENTIONAl hARM OF INFlicting EMOTIONAl dISTRESS, PAIN AND SUFFERING MENTAl ANGUISH, MENTAl CRUElTy, PSYCHOlOGICAl disORdER, O COMPlETE dEPRIVATION OF PlAINTIFF(S) FEdERAlly PROTECTed U.S.C.A. 4TH AND 14TH AMENdMENT RIGHTS AND N.Y.S LAW CONSTITUTIONAl RIGHTS.

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No ✓

illegal, unlawful and prejudicial and unconstitution-
al! As of Feb. 05, 2014; Plaintiff recieved the ans-
wer from the Defendant, Ordered, by this Court by
January. 30, 2014. The Defendant denies items one
thru 10. Any knowledge or information sufficient as
to paragraphs 1(A), 1(B); 2(A), 2(B), 2(C), 2(D); 4(A-G), or
paragraph(s) 5, or 6(A)-(D), of the plaintiff(s) compla-
int which the plaintiff challenges in his complaint as
true and correct. As to the Defendant(s) affirmative
Defense(s) 1-19.; The plaintiff completed in relief a
claim that can be granted as stated upon.(2) The de-
fendant(s) have and are in violation of plaintiffs consti-
tutional rights under the 4th and 14th amendms of the
U.S.C.A.; As noted in the documents of NYCLU settle-
ment end, stop and frisk of unruly cab observers.
(3) Any and all injurys sustained by the plaintiff are a
direct result of the Defendant(s) neglience and violati-

<table>
<tr><td>Was anyone else involved?</td></tr>
</table>

<table>
<tr><td>Who else saw what happened?</td></tr>
</table>

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Same as previous injuries on page (3), original.

"Same"

"Same"

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No __✓__

*Rev. 01/2010*

ON OF PLAINTIFF(S) CIVIl RIGHT(S) AS Stated IN the U.S.C.A. 4TH AND 14TH AMENDMENTS. (4) PLAINTIFF STATED the UNLAWFUl "Stop, Question, AND FRISK" WeRe UNWARR-ANTED, UNPROVOKED AND WITHOUT PROBABLE CAuse (5) PUN-ITIVE DAMAGES ARE DETERMINED by A JUDGE AND/OR A JURY. (6) Where, AND IF SO, Why DiD these OFF-ICER(S) TEll US SO? (7) NOT ACCORDING TO THE N.Y.C.U. document ATTACHED TO ORIGINAl COMPLAINT. (8) WHICH the DAMAGE(S) ARE INCluDED IN AMENDED COMPLAINT. (9) PLAINTIFF does HAve A COpy OF THE CLAIM THAT Were Filed W/the COMPTROLLERS OFFICE ON APR. 11, 2013. IT ARE AlSO NOT The PLAINTIFF(S) RESPONSIBILITY To IDENTIFY Those OFFICER(S); AND being the LAW DEPARTMENT ARE FAiling TO do SO AS ORDERED by THIS COURT; The PLAINTIFF hereby ASK the COURT TO IMPly The I.A.B.; ENlist The SERVICE(S) OF THIS AGENCY To IDENTIFY These OFFICER(S). N.Y.P.D. INTERNAl AFF-AIRS BUREAU.

**III.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

"SAME AS ORIGINAL"

"SAME AS ORIGINAL"

"SAME"

**IV.   Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No __✓__

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *None*

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____   No __/__   Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____   No __/__   Do Not Know _____

      If YES, which claim(s)?

      _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____   No __/__

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____   No __/__

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

      _____

      1.    Which claim(s) in this complaint did you grieve? *None*

      _____

      2.    What was the result, if any? *None*

      _____

      3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. *None*

      _____

      _____

      _____

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:

      *The Grievance Procedure At Any Local,*
      *State or Federal Corr. Facility does Not*

Resolve or Resolute ANY GRIEVANCe
COMPLAINT That Did NOT HAPPEN OR TAKe
PLACE AT The FACILITY.

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

The Legal Coordinator At The LAW Library
Who Directed Me To Contact The N.Y.C.
L.U. Who IN RESPONSE Reply For Me
To Contact The CIVILIAN COMPLAINT Re-
VieW BOARD, to Which Never RESPONDED
OR CONTACTED Me From Feb.14,2013 thru-
7-19-13.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. PLAINTIFF ALSO Contacted The BOARD OF
CORRECTION AND The NYC-DOC., To which
both AGENCY's stated They could NOT ASS-
ist Me With A Resolution.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). AGGRAVATED HARASSMENT, IN
The AMOUNT 50,000.00 IN DAMAGES; RACIAL PROFILING; 50,
000.00; Prejudicial DISCRIMINATION; 50,000.00; EMOTIONAL
DISTRESS; 50,000.00; PAIN AND SUFFERING; 50,000.00;
MenTAL ANGUISH; 50,000.00; MenTAl CRUELTY, 50,000.00;
PSYCHOLOGICAL DISORDER; 50,000.00; A COMPLETE
DEPRIVATION OF PLAINTIFF(S) CONSTITUTIONAL RIGHT
(S) UNDER 4th AMEND., 100,000.00.; AND 14th AMEND.,
100,000.00.; DOLLARS, IN MONETARY DAMAGES AND
COMPENSATION. TOTAl DAMAGES; 600,000,000 DOll-
ARS. AND MAKE The City ADMITT TO ITS WRONG-
DOING(S).

Rev. 01/2010                                    5

*obinos in announcing they will end the opp-ression of minorities particularly blacks and hispanics and other ethnic groups.*

**VI.    Previous lawsuits:**

<table>
<tr><td>On these claims</td><td></td><td></td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No __✓__

B.    If your answer to A is YES, describe each lawsuit by answering questions l through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____ *None* _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

_____ 5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On other claims</td><td></td><td></td></tr>
</table>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes __✓__   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions l through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff *Michael Outerbridge*
Defendants *The City of New York, et, al.*

2.    Court (if federal court, name the district; if state court, name the county) *SDNY.*
_____

_____ 3.    Docket or Index number *13 CV 10473*

_____ 4.    Name of Judge assigned to your case *Katherine B. Forrest*

_____ 5.    Approximate date of filing lawsuit *September 10, 2013*

*Rev. 01/2010*                                             6

6.  Is the case still pending?  Yes ___ No ___ .
    If NO, give the approximate date of disposition_____

7.  What was the result of the case? (For example:  Was the case dismissed?  Was there
    judgment in your favor?  Was the case appealed?) _*Pending*_____
    _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _6_ day of _February_, 20_14_.

Signature of Plaintiff    _Michael Outerbridge_

Inmate Number    _349.13.19383_

Institution Address    _EMTC, 10-10 Hazen St._
_East Elmhurst_
_New York 11370._

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.

I declare under penalty of perjury that on this _6_ day of _February_, 20_14_, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:   _Michael Outerbridge_

*Rev. 01/2010*                              7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL OUTERBRIDGE,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK; UNKNOWN
PLAIN CLOTHES OFFICERS OF THE
N.Y.P.D. 23 PCT.,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _8/23/13_

13 Civ. 5459 (AT)

**ORDER**

"ORIGINAL/Amended
Complaint"

ANALISA TORRES, United States District Judge:

Plaintiff, appearing *pro se*, brings this action, pursuant to 42 U.S.C. § 1983, alleging that

he was unlawfully stopped and frisked.   Plaintiff sues the City of New York and unknown

officers of the 23rd Precinct.  By order dated August 20, 2013, the Court granted Plaintiff's request

to proceed *in forma pauperis*.

### JOHN DOE DEFENDANTS

Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to

assistance from the district court in identifying a defendant.  *Id.* at 76.  In the complaint, Plaintiff

supplies sufficient information to permit the New York Police Department to identify the John

Doe Defendants.  It is, therefore, ordered that the New York City Law Department, which is the

attorney for and agent of the New York Police Department, shall ascertain the identity of the

John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants

may be served.  The New York City Law Department shall provide this information to Plaintiff

and the Court within sixty days of the date of this order.

FEB 14 2014

PRO SE OFFICE

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An Amended Civil Rights Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Clerk of Court will, if necessary, send instructions to Plaintiff to effect service on the named John Doe Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for this Defendant and return this form to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to him. If within thirty days, Plaintiff has not returned the USM-285 form or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the City of New York.

No matter what method of service Plaintiff chooses, he must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL OUTERBRIDGE,

                Plaintiff,

      -against-

THE CITY OF NEW YORK; UNKNOWN
PLAIN CLOTHES OFFICERS OF THE
N.Y.P.D. 23 PCT.,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/13
```

13 Civ. 5459 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action, pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully stopped and frisked. Plaintiff sues the City of New York and unknown officers of the 23rd Precinct. By order dated August 20, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis*.

### JOHN DOE DEFENDANTS

    Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Id.* at 76. In the complaint, Plaintiff supplies sufficient information to permit the New York Police Department to identify the John Doe Defendants. It is, therefore, ordered that the New York City Law Department, which is the attorney for and agent of the New York Police Department, shall ascertain the identity of the John Doe Defendants whom Plaintiff seeks to sue here and the addresses where these Defendants may be served. The New York City Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An Amended Civil Rights Complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Clerk of Court will, if necessary, send instructions to Plaintiff to effect service on the named John Doe Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for this Defendant and return this form to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to him. If within thirty days, Plaintiff has not returned the USM-285 form or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the City of New York.

No matter what method of service Plaintiff chooses, he must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for

2

of the summons, Plaintiff has not made service or requested an extension of time in which to do

so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss

this action for failure to prosecute.  Finally, it is Plaintiff's obligation to promptly submit a

written notification to the Court if Plaintiff's address changes, and the Court may dismiss the

action if Plaintiff fails to do so.

The Clerk of Court is further directed to serve a copy of this order and the complaint on

the New York City Law Department at:  100 Church Street, New York, NY 10007.

An Amended Civil Rights Complaint form is attached to this order.

SO ORDERED.

Dated: August 23, 2013
      New York, New York

_____
ANALISA TORRES
United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Michael Outerbridge_

_Plaintiff - Pro-Se_

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_The City of New York, et, al._

_And The UNKNOWN Plainclothes Officer(s) of the N.Y.P.D., 23Rd. Pct._

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED**
**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes   ☐ No
(check one)

_13_ Civ. _5459 (A.T.)_

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name _Michael Outerbridge_
                 ID# _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_
                 Current Institution _E.M.T.C._
                 Address _10-10 Hazen St._
                 _East Elmhurst, New York 11370._

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _UNKNOWN-Pending P.D._ Shield # _5_
                     Where Currently Employed _N.Y.P.D., 23Rd. Pct._
                     Address _162 E. 102 St.,_
                     _New York, N.Y. 10029._

Defendant No. 2    Name _UNKNOWN – Pending I.D._ Shield # ?

Where Currently Employed _N.Y.P.D 23Rd PCt._

Address _162 E. 102 St._
_New York, N.Y. 10029._

Defendant No. 3    Name _UNKNOWN – Pending I.D._ Shield # ?

Where Currently Employed _N.Y.P.D 23Rd. PCt._

Address _162 E. 102 St._
_New York, N.Y. 10029._

> **Who did what?**

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_23 Rd. PCt._

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_104th St. AND PARK Ave. New York, N.Y. 10069._

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_JAN. 25, 2013; Bet. 12:05 AM. AND 12:20AM,_
_ON the The uptown side OF PARK Ave._
_AND 104th St._

> **What happened to you?**

D.    Facts: _ON JANUARY 25, 2013: Bet. 12:05 AM, AND 12:20_
_AM, UNDERCOVER officers) OBSERVE PlAiNtiff_
_AND MR. G. WINTERS ENTER A LIVERY TAXI At E. 102 St. AND_
_Lexington Ave, At GAS STAtiON. OFFICERS) Follow US TO_

104TH St. AND PARK Ave. Where they pulled us
over AND Stopped AND FRISKed us FOR NO Apparent Re-
ASON, Claiming they were looking FOR "GUNS." AFTER Sea-
Rching us, No Weapons Were Found upon us OR the TAXI,
AND I immediately Asked FOR their NAMES AND shield#
(S) AND they Refused with one officer stating "Would you
like to go to "JAIL Now", they Asked FOR I.D. AND We
Complied. they Asked Where We Were coming From
AND going to AND We ANSWERED. FINALLY, We Were Allow-
ed to leave. This "stop AND FRISK" Were Clearly unWarra-
Nted, unprovoked, AND without Probable cause. This
stop, Question AND FRISK, Also Are uNjustified oN the
OFFICER(S) behalf. PLAINTIFF(S) Response letter dated oN
1-29-14: to DefeNdANt(S) letter dated 1-06-14: states
the uNKNowN OFFICER(S) Were DRIVING A black Ford CROwN
Victoria, A 1992 thru 1997 Model, AND MAKE W/ black tinted
WINDOWS. This IS RACIAL PROFILING AT IS WORST. THAT ARE

<table>
<tr><td>Was anyone else involved?</td></tr>
<tr><td>Who else saw what happened?</td></tr>
</table>

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Aggravated harrassment, RACIAL/PROFILING, stereo-
typed DISCRIMINATION, INTENTIONAL HARM OF IN-
FLicting emotioNal distress, PAIN AND SuFFERING
Mental ANguish, Mental Cruelty; psychological DIS-
ORDER... Complete deprivatioN OF PLAINTIFF(S)
Federally Protected U.S.C.A. 4th AND 14th Ame-
NdMeNt Rights AND N.Y.S. LAW CONSTITUTIONAL
Rights.

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____ No ✓

*Rev. 01/2010*                                    3

illegal, unlawful and prejudicial and unconstitution-
al. As of Feb. 05, 2014. Plaintiff Recieved the ans-
wer from the Defendant, ordered by this court by
January. 30. 2014. The defendant denies items one
thru 10, any knowledge or information sufficient as
to paragraph(s) 1(A), 1(B), 2(A), 2(B), 2(C), 2(D), 4(A)(G), or
paragraph(s) 5, or 6(A)-(D), of the Plaintiff(s) compla-
int which the Plaintiff challenge(s) in his complaint as
true and correct. As to the Defendant(s) Affirmative
Defense(s) 1-19. the Plaintiff completed in Relief a
claim that can be granted as, stated upon. (2) the de-
Fendant(s) have and are in violation of Plaintiff(s) consti-
tutional Rights under the 4th and 14th amendms of the
U.S.C.A. As noted in the document(s) of NYCLU settle-
ment ending stop and Frisk of livery cab passengers.
(3) any and all injuries sustained by the Plaintiff are a
direct Result of the Defendant(s) negligence and violat-

**Was anyone else involved?**

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

SAME AS PREVIOUS INJURIES ON PAGE (3), ORIGINAL.

"SAME"

"SAME"

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No __✓__

*Rev. 01/2010*                                             3

ON OF PLAINTIFF(S) CIVIL RIGHT(S) AS Stated in the USCA. 4th AND 14th Amen'D(S).(4) Plaintiff Stated the UNIAWFUL "Stop, Question, AND FRISK" Were UNWARR-ANTED, UNPROVOKED AND Without probable Cause.(5). PUN-itive damages Are determined by A Judge AND/OR A Jury.(6). Where, AND if so, why did those OFFICER(S) let us go? (7) Not According to the N.Y.C.L.U document Attached to original complaint.(8). Which the damages Are Included IN Amended complaint. (9).Plaintiff does have A copy of the CLAIM that Were Filed W/the Comptrollers Office on Apr. 11, 2013. it Are Also Not the Plaintiff(S) Responsibility to identify these OFFICER(S); And being the LAW Department Are Failing to do so As Ordered by this Court; the Plaintiff hereby Ask the Court to imply the IAB; enlist the service(S) of this Agency to Identify These OFFICER(S). N.Y.P.D INTERNAL AFF-AIRS BUREAU.

Was anyone else involved?

Who else saw what happened?

III.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

SAME AS ORIGINAL

"SAME AS ORIGINAL"

"SAME"

IV.   **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____ No __✓__

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*None*

_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No __✓__     Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No __✓__     Do Not Know _____

        If YES, which claim(s)?

        _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No __✓__

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No __✓__

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?

        _____

        1.     Which claim(s) in this complaint did you grieve?   *None*

        _____

        2.     What was the result, if any?   *None*

        _____

        3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.   *None*

        _____

        _____

        _____

F.     If you did not file a grievance:

        1.     If there are any reasons why you did not file a grievance, state them here:

        *The GRIEVANCE PROCEDURE AT ANY LOCAL, STATE OR FEDERAL CORR. FACILITY does Not*

Resolve or Resolute any Grievance
Complaint that did not happen or take
place at the facility."

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

The Legal Coordinator at the Law Library
who directed me to contact the N.Y.C.
L.U. who in response reply for me
to contact the Civilian Complaint Re-
view Board, to which never responded
or contacted me from Feb. 14, 2013 thru-
4-19-13.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Plaintiff also contacted the Board of Correction and the NYC-DOC., to which both agency/s stated they could not ass-ist me with a resolution.

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.  Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Aggravated Harassment; in the amount 50,000.00. in damages; Racial Profiling; 50,000.00; Prejudicial Discrimination; 50,000.00; Emotional Distress; 50,000.00; Pain and Suffering; 50,000.00. Mental Anguish; 50,000.00; Mental Cruelty; 50,000.00. Psychological Disorder; 50,000.00. Complete Deprivation of Plaintiffs Constitutional Right (s) under 4th Amend. 100,000.00. and 14th Amend. 100,000.00.; Dollars; in monetary damages and compensation. Total Damages; 600,000.00 Dollars. and make the City Admit to its wrong Doing(s).

*Rev. 01/2010*                                   5

*doing in Announcing They will End the oppRession of Minoritie(s) (particularly Black (s) And Hispanic(s) And other Ethnic Groups.*

**VI. Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td><td></td></tr>
</table>

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No __✓__

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____ *None* _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

____ 3. Docket or Index number _____

____ 4. Name of Judge assigned to your case_____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

<table>
<tr><td>On<br>other<br>claims</td><td></td></tr>
</table>

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes __✓__ No _____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff *Michael Otterbridge*

Defendants *The City of S New York, et, al.*

2. Court (if federal court, name the district; if state court, name the county) *SDN.Y.*

____ 3. Docket or Index number *13 CV 6473*

____ 4. Name of Judge assigned to your case *Katherine B. Forrest*

5. Approximate date of filing lawsuit *September 10, 2013*

*Rev. 01/2010*                                      6

6.     Is the case still pending? Yes _____ No _____

        If NO, give the approximate date of disposition _____

7.     What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) *PENDING*

        _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **6** day of **FEBUARY**, 20**14**

        Signature of Plaintiff    *Michael Outerbridge*

        Inmate Number      *349.13.19383*

        Institution Address    *EMTC, 10-10 HAZEN ST,*

                                *EAST ELMHURST*

                                *NEW YORK 11370.*

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this **6** day of **FEBUARY**, 20**14**, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:    *Michael Outerbridge*

*Rev. 01/2010*                 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, N.Y. 10007

Michael Outerbridge
PLAINTIFF

against

The City OF New York,
et, al.
DEFENDANT(S)

Case # 13 CV.5459 (A.T.)

Document: PLAINTIFF(S) Opposition
IN Response TO DEFENDANT
(S) ANSWER DATed: Jan.
29, 2014.

HONORABLE ANALISA TORRES;
COURT CLERK, PRO-Se OFFICE;   The PLAINTIFF opp-
oses All OF The DEFENDANT(S) ANSWER(S) 1-
Thru 19 OF The ANSWER CHART including the
NINE (9) AFFIRMATIVE DEFENSES in The
DEFENDANT(S) ANSWER(S) DATed: Jan. 29,
2014.

DATed: EAST ELMHURST, New YORK
FEbUARY. 06, 2014.   11370

PLAINTIFF PRO-Se.
Michael Outerbridge
# 349.13.19383

USDC, SDNY. SDPM.
U.S. CourtHouse

Michael Outerbridge
PLAINTIFF

V.

The City OF New York, et,
al.
DEFENDANTS

PLAINTIFF(S) RESPONSE
TO DEFENDANT(S)
ANSWER DATED:
JAN. 29, 2014

13 CV. 5459 (A.T.)

TO: The Clerk OF Courts,

I Michael Outerbridge, The PlaintiFF-Pro-Se,
in The Above captioned Matter Responds
to Defendant(s) ANSWER AND respectFully
opposes As Follows herein.

① PARAGRAPH "1(A)", is true As stated by PlaintiFF.

② PARAGRAPH "1(B)", The Action in The Complaint by
The plaintiff Against The Unidentified ind-
ividuals Are true AND correct.

③ PARAGRAPH 2(A), IN the Complaint Are true
AND correct.

4) PARAGRAPH 2(B), STATED IN COMPLAINT ARE TRUE AND CORRECT.

5) PARAGRAPH 2(C), STATED IN COMPLAINT ARE TRUE AND CORRECT.

6) PARAGRAPH 2(D). OF THE COMPLAINT ARE TRUE AND CORRECT.

7) PARAGRAPH (3), OF THE COMPLAINT ARE TRUE AND CORRECT.

8) PARAGRAPHS 4(A)(G) OF THE COMPLAINT ARE TRUE AND CORRECT.

9) PARAGRAPH (5), OF THE COMPLAINT ARE TRUE AND CORRECT.

10) PARAGRAPHS 6(A)-(D), OF THE COMPLAINT ARE TRUE AND CORRECT.

11) PLAINTFF STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

12 As stated in the complaint the Defend-
ant(s) have violated plaintiff(s) Const. Rights
And Human Rights As noted and documented
in numerous News paper(s) And publications
proving how Ruthless The N.Y.P.D. Are And
were with the unlawfulness of "Stop And
Frisk".

13 To Be Threatened with Jail After being
pulled over For No Reason, Are A Direct
insult And added injury. This whole
ordeal were traumatizing And illegal.

14 How could it be when As A person, I
were hailing A Cab/Taxi.

15 This Are For A Judge And/or A Jury
To decide.

16 Then why didn't the Officer(s)
Do it. Arrest Me?

17) Not According to the N.Y.C.L.U. And
A.C.L.U., Documentation Attached
to the original Complaint Filed:
Aug. 01, 2013., Stating: The practice
of "stop And Frisk" Are unlawful And
Unconstitutional As of May. 15, 2012
in Settling A Lawsuit Against The City
of New York And The Bloomberg
Administration.

18) All of Plaintiff(s) Damages Are Item-
ized in Amended Complaint And the
Plaintiff Are Asking For punitive
damages in The Amount of Four
Hundred Thousand Dollars
$400,000.00.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Michael Outerbridge_

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

_13_ Civ. _5459 A.T. DCF._

- against -

_The City OF New York, et, al.
And The UNidentified Off-
icer(s) of The 23rd pct._

AFFIRMATION OF SERVICE

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, _Michael Outerbridge_, declare under penalty of perjury that I have
(name)

served a copy of the attached _Opposition to Defendant(s) Answer_
(document you are serving)

upon _Corporation Counsel / LAW Dept_ whose address is _AT 100_
(name of person served)

_Church St., New York, N.Y. 10007._
(where you served document)

by _U.S.P.S._
(how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: _EAST Elmhurst N.Y.,_
(town/city)            (state)

_FEBUARY_   _11_  20_14_
(month)         (day)   (year)

_Michael Outerbridge_
Signature

_EMTC 10-10 Hazen St._
Address

_EAST Elmhurst, N.Y.,_
City, State

_11370_
Zip Code

_NYC-DOC._
Telephone Number

Rev. 05/2007

